**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

ADRIENNE JEWELL,

Plaintiffs,

v. CIV. NO. 09-35

RAYMOND SCHULTZ, MICHAEL CALLAWAY, PAUL ROMERO, JOSEPH BYERS, TYRON MORGAN, and, RICHARD DILLEY, in their individual capacities, and THE ALBUQUERQUE POLICE DEPARTMENT.

Defendants.

**COMPLAINT FOR CIVIL RIGHTS VIOLATIONS**

Plaintiff bring this complaint for damages under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S. C. §§ 2000e(k), 2000e-2, 2000e-3, and 2000e-5, 42 U.S.C. § 1983, and the First and Fourteenth Amendments to the United States Constitution, and state the following:

**I. JURISDICTION AND VENUE**

1.Jurisdiction is based on Title VII and the Court's general jurisdiction.

2.On September 17, 2007, Plaintiff filed a charge of sex discrimination against the Albuquerque Police Department ("APD") with the United States Equal Employment Opportunity Commission ("EEOC"). The EEOC issued Plaintiff a Notice of Right to Sue letter no later than January 13, 2009. Thus, Plaintiff has timely satisfied the statutory prerequisites to filing this lawsuit.

3.Venue is proper in this district because all of the acts complained of occurred in New Mexico, and Plaintiff's causes of action arose in New Mexico.

**II. PARTIES**

4.Plaintiff is a resident and citizen of the state of New Mexico.

5.Defendant Raymond Schultz was the Chief of Police of APD, and a policy maker for APD ("Defendant APD"), at all relevant. At all material times, Defendant Schultz acted under color of state law. Defendant Schultz is sued in his individual capacity.

6.Defendant Michael Callaway was at all times Deputy Chief of APD, and held supervisory responsibilities, with APD. At all material times, Defendant Callaway acted under color of state law. Defendant Callaway is sued in his individual capacity.

7.Defendant Paul Romero was at all material times Acting Deputy Chief and Lieutenant, and held supervisory responsibilities, with APD. At all material times, Defendant Romero acted under color of state law. Defendant Romero is sued in his individual capacity.

8.Defendant Joseph Byers was at all material times Lieutenant, and held supervisory responsibilities, with APD. At all material times, Defendant Byers acted under color of state law. Defendant Byers is sued in his individual capacity.

9.Defendant Tyron Morgan was at all material times employed as a supervisory officer with APD. At all material times, Defendant Morgan acted under color of state law. Defendant Morgan is sued in his individual capacity.

10.Defendant Richard Dilley was at all material times employed as a supervisory officer with APD. At all material times, Defendant Dilley acted under color of state law. Defendant Dilley is sued in his individual capacity.

11.Defendant APD is a governmental entity, a law enforcement agency at which Plaintiffs have at all relevant times been employed.

## III. FACTUAL BACKGROUND

12.Plaintiff was employed as a sworn law enforcement officer with APD between July 10, 2006 and August 29, 2007.

13.On or about June 24, 2007, Plaintiff's ex-husband received orders that he was to immediately to deploy with the United States Air Force and would be stationed in Kuwait.

14.On or about July 31, 2007, after multiple requests, Plaintiff finally received a "hardship temporary assignment" to be reassigned from APD's graveyard shift to APD's day shift, effective August 4, 2007, in order that she might make child care and day care accommodations for the couples' children, ages 11 and 7.

15.On August 26, 2007, as it was still a transition phase for Plaintiff, into her new shift, and as she had no family in town or other alternative, was forced to leave her children while she went to work her graveyard shift.

16.Due to the fact that her ex-husband received base housing and the children were accustomed to residing on base and attending base schools, Plaintiff moved onto to the base with them and was in the process of unpacking and reorganizing.

17.Plaintiff was in contact with her children multiple times per night and, on August 26, 2007, was on her way home, with food for them to eat, when she was greeted by base police.

18.The officers accused Plaintiff of abandonment/abuse of a child, pursuant to New Mexico State statute §30-6-1, a high misdemeanor, arrested her and issued her a citation.

19.The officers alleged that the house that Plaintiff and her children were living in was dirty and that she had an unsecured gun in it.

20.The officers alleged that Plaintiff left her six year old child in the care of her eleven old child for several hours during the day.

21.The incident was highly publicized, airing on the local news and in local newspapers.

22.On August 29, 2007, Lt. Paul Romero, Plaintiff's chain of command terminated Plaintiff—demanding her gun and badge effective immediately. She was not permitted to see an attorney, a union representative, and was escorted while she gathered her belongings and left the premises.

23.Plaintiff was told that, as she was a probationary employee, she was an at-will employee, and could be terminated as Defendant Schultz saw fit.

24.Through Defendant Romero, Plaintiff heard that Defendant Schultz, despite several letters of commendation in her file from citizens and few blemishes, cited poor performance as the reason for her termination.

25.On September 4, 2007, after Plaintiff had been terminated from APD, the Department of the Air Force issued a Notice of Non-Prosecution to Plaintiff, in that the had determined that eleven year old children could babysit younger family members for several hours during the day, per Kirtland Air Force Base Instruction 36-2901. Furthermore, the Air Force determined that Plaintiff's actions did not rise to the level of "neglect" as cited in the New Mexico State Statute of child abandonment and all charges were dismissed.

26.Plaintiff can cite several other examples of male probationary employees, who were charged criminally while on probation, and who continue to work for APD.

27.Defendants discriminated against Plaintiff, and subjected her to a hostile working environment, because of her race.

28.As a result of the foregoing, Plaintiff has suffered damages and injuries including but not limited to lost employment, lost income, lost benefits, physical injury, and severe psychological and emotional distress.

## COUNT I: TITLE VII DISCRIMINATION CLAIM AGAINST DEFENDANT ALBUQUERQUE POLICE DEPARTMENT

29.Plaintiff incorporates paragraphs 1 through 27 as though fully set forth herein.

30.Defendant APD subjected Plaintiff APD to adverse employment actions because of her sex, female, in violation of Title VII. These adverse employment actions including failure to transfer to a temporarily requested position due to the deployment of her ex-husband, reprimands, lost opportunities for promotion, forcing her to scramble for child care and ultimate termination of her employment.

31.Defendant Board had no legitimate, nondiscriminatory, non-pretextual reason for subjecting Plaintiff to these adverse employment actions.

32.Defendant's wrongful actions as set forth above caused Plaintiff's damages and injuries, including but not limited to lost salary and benefits, lost job responsibilities and prestige, damage to reputation, physical injury, and emotional and psychological distress.

WHEREFORE, Plaintiff seeks compensatory damages, attorneys' fees, and costs against Defendant Board for discrimination in violation of Title VII.

**COUNT III: EQUAL PROTECTION CLAIMS UNDER 42 U.S.C. § 1983 AGAINST DEFENDANTS APD. SCHULTZ, HALLAWAY, ROMERO, BYERS, MORGAN, AND DILLEY**

33.Plaintiffs incorporate paragraphs 1 through 31 as though fully set forth herein.

34.Defendants Schultz, Hallaway, Romero, Byers, Morgan, and Dilley intentionally denied Plaintiff a safe working environment, employment opportunities, and benefits to which she was entitled because of her sex. Thus, Defendants intentionally discriminated against Plaintiff in the context of public employment because of her sex.

35.These Defendants' actions as set forth above violated Plaintiff's rights under the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.

36.APD has maintained a custom, policy, or practice of discriminating against female officers, and this custom, policy, or practice proximately caused Plaintiff damages and injuries as set forth

herein. Furthermore, Defendant Schultz acted as policymaker for Defendant APD in this regard, thereby subjecting it to municipal liability.

37.These Defendants' wrongful acts as set forth above caused Plaintiff damages and injuries, including but not limited to including lost income and benefits, lost job responsibilities and prestige, damage to reputation, physical injury, and emotional and psychological distress.

WHEREFORE, Plaintiff seeks compensatory damages, attorneys' fees, and costs against Defendant APD, and compensatory damages, punitive damages, attorneys' fees, and costs against Defendants Schultz, Hallaway, Romero, Byers, Morgan, and Dilley.

**JURY DEMAND**

38.Plaintiffs hereby demand a jury trial on all counts so triable.

Respectfully submitted,

Electronically filed

/s/ Christin Kennedy
CHRISTIN KENNEDY
*Attorney at Law*
Attorney for Plaintiffs
201 Twelfth St NW
Albuquerque, NM 87102
(505) 242-2670
Fax (505) 247-3346

I hereby certify that on the 13th day of January 2009, I filed the foregoing electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

**Kathryn Levy, Deputy City Attorney**

AND I FURTHER CERTIFY that on such date I served the foregoing on the following in the manner indicated:

/s/ Christin Kennedy
CHRISTIN KENNEDY